# EXHIBIT N

# UNITED STATES DISTRICT COURT
## Eastern District of California

UNITED STATES OF AMERICA
v.
**KRISHEN SAUBLE IYER**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1:17CR00018-001**

Defendant's Attorney: Nicholas A. Capozzi, Retained

**THE DEFENDANT:**

[✓] pleaded guilty to count(s) 1 of the Information.
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature Of Offense** | **Date Offense Concluded** | **Count Number** |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Money Laundering Conspiracy (Class C Felony) | January 1, 2013 through July 2015 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ .
[ ] Count(s) ___ dismissed on the motion of the United States.
[ ] Indictment is to be dismissed by District Court on motion of the United States.
[✓] Appeal rights given. [✓] Appeal rights waived.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**4/24/2017**
Date of Imposition of Judgment

Dale A. Drozd

Signature of Judicial Officer

**Dale A. Drozd**, United States District Judge
Name & Title of Judicial Officer

4/26/2017
Date

AUTHENTICATED U.S. GOVERNMENT INFORMATION GPO

DEFENDANT:**KRISHEN SAUBLE IYER**
CASE NUMBER:**1:17CR00018-001**

## PROBATION

You are hereby sentenced to probation for a term of:
3 years.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release on probation and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[✓] You must cooperate in the collection of DNA as directed by the probation officer.

[ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ] You must participate in an approved program for domestic violence.

[ ] You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date _________________

## SPECIAL CONDITIONS OF PROBATION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.
3. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.
4. The defendant shall provide the probation officer with access to any requested financial information.
5. The defendant shall not open additional lines of credit without the approval of the probation officer.
6. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.
7. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.
8. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.
9. The defendant shall be monitored for a period of 6 months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows:

   a. The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer; (Home Detention)
10. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

DEFENDANT:**KRISHEN SAUBLE IYER**
CASE NUMBER:**1:17CR00018-001**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100 | | |

[ ] The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment colunm below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals** | $____ | $____ | |

[ ] Restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalities for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived for the [ ] fine [ ] restitution

[ ] The interest requirement for the [ ] fine [ ] restitution is modified as follows:

[ ] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ] If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:**KRISHEN SAUBLE IYER**
CASE NUMBER:**1:17CR00018-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. [✓] Lump sum payment of $ 100.00 due immediately, balance due

[ ] Not later than ___, or

[ ] in accordance [ ] C, [ ] D, [ ] E,or [ ] F below; or

B. [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C. [ ] Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after the date of this judgment; or

D. [ ] Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. [ ] Payment during the term of supervised release/probation will commence within ___ *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F. [ ] Special instructions regarding the payment of crimimal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[✓] The defendant shall forfeit the defendant's interest in the following property to the United States:
Order for Forfeiture Money Judgment filed 4/21/2017, is hereby made final.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**From:** Reba Leonard
**To:** Alex Cardona; Matt Voykovic; Chase Moses
**Cc:** Jessie Vickers; Tim Moses
**Subject:** FW: Krishen Iyer
**Date:** Friday, March 30, 2018 12:10:36 PM
**Attachments:** image001.png

Alex,

I have been able to verify that the information I found on Krishen Iyer is the same person associated with I Life and Health. He is associated with the business name Iyer Health Shield, LLC, the company named in the money laundering case. I cannot find any public records on the final disposition of that case. I did find where he was ordered to pay $150,000.00 in restitution in association with that case, but I will have to complete my registration for a service that would allow me to access the full case. That takes a few days to complete, and at this point I think we know everything we need to know about Krishen Iyer.

Here is how this the investigation is rounding out:

On his personal website, Krishen makes claims of successful business names, including NMP Insurance, Managed Benefit Services, and of course we are doing business with I Life and Health.

His name is not listed on any of these entities. He has skillfully managed to keep his name off every legal entity he has done business under.

I Life and Health has Raymond Guidici and Alexander Humphers listed as officers of the company.
Managed Benefit Services, LLC (which has an active California license) has only one member, who is Krishen's wife Stacey. The phone number we have for Krishen is registered only to his wife.

At the end of the day, I think we are dealing with a cunning con artist, who has managed to hide behind his business partners, and now his wife to hide his background. Further, the existence of the company Managed Benefit Services, LLC and its fuzzy descriptions of business services leads me to believe that Iyer is using Managed Benefit Services, LLC to operate as the lead generation company to feed leads to I Life and Health, and it would not be a far leap to believe that this entity is responsible for the pre-recorded messages being used and alleged to be in violation of the Telemarketing Sales Rule (FTC) and the Telephone Consumer Protection Act (FCC).

On another note: In California, agencies are required to "associate" all agents who are writing business for the agency. Currently there are only 11 names associated with the I Life and Health agency license in California, meaning these are the only individuals who are authorized by law in California to produce insurance business under the agency I Life and Health.

| Licensee Name | License Number | Appointed Class | Effective Date |
|---|---|---|---|
| ADAMS BYRON EUGENE | [redacted] | Accident and Health | 12/05/2017 |
| CASTILLO CHRISTOPHER | | Accident and Health | 07/03/2017 |
| COWLES CALVIN JOE | | Accident and Health | 07/03/2017 |
| GONZALEZ ISREAL ANTHONY | | Accident and Health | 07/03/2017 |
| HOLLOWAY JACOB LAMAR | | Accident and Health | 10/02/2017 |
| HUMPHERS ALEXANDER | | Accident and Health | 06/21/2017 |
| HUMPHERS CHRISTOPHER RILEY | | Accident and Health | 07/03/2017 |
| OGAMI THOMAS DAVID | | Accident and Health | 10/02/2017 |
| PARIS GLENN ALBERT | | Accident and Health | 12/05/2017 |
| SISOUTHAM DEENA | | Accident and Health | 08/25/2017 |
| STUWITZ ALEXANDER PAUL | | Accident and Health | 07/03/2017 |

Endorsed agents for Managed Benefit Services, LLC – largely overlapped with I Life and Health.

| Licensee Name | License Number | Appointed Class | Effective Date |
|---|---|---|---|
| CASTILLO CHRISTOPHER | [redacted] | Accident and Health | 01/11/2017 |
| COWLES CALVIN JOE | | Accident and Health | 01/11/2017 |
| DOMINGUEZ JOHNNY ANGEL | | Accident and Health | 01/11/2017 |
| HUMPHERS ALEXANDER | | Accident and Health | 01/11/2017 |
| HUMPHERS CHRISTOPHER RILEY | | Accident and Health | 01/11/2017 |
| STUWITZ ALEXANDER PAUL | | Accident and Health | 01/10/2017 |

| | | | |
|---|---|---|---|
| STUWITZ ALEXANDER PAUL | [redacted] | Life-Only | 01/10/2017 |

-----------------------------------------

Reba Leonard
Director of Compliance and Regulatory Affairs

*and affiliate companies*

404.618.0602 x1803 Direct
469.236.3268 Mobile
844.834.3456 Toll Free
rleonard@alierahealthcare.com

*Atlanta · Dallas · Chicago · Miami*
www.alierahealthcare.com

CONFIDENTIALITY NOTICE: This e-mail (including attachments) may contain information that is confidential, proprietary or legally privileged. This information may be protected under HIPAA, US copyright laws, or other applicable regulations. If you are not the intended recipient, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail or phone at 844-834-3456 and delete the message.

**Submitting private/personal information electronically:** Aliera Healthcare does not recommend transmitting private or personal information by email, fax or other electronic means. There is a risk that information sent by electronic means may be viewed or received by unauthorized persons. Member/Broker assumes all risks of unauthorized disclosure of any information transmitted by electronic means. Aliera may in its sole discretion accept or reject any information submitted electronically and/or require you to provide acceptable authentication of such information. Any signed document submitted by email, fax or other electronic means may be accepted as a signed original document in Aliera's discretion and shall be admissible as evidence of the document and the signer's execution. Upon receipt by Aliera, any confidential information will be treated and protected as confidential information in accordance with Aliera's privacy policies.

---

**From:** Reba Leonard
**Sent:** Thursday, March 29, 2018 4:20 PM
**To:** Chase Moses <chmoses@alierahealthcare.com>; Matt Voykovic <mvoykovic@alierahealthcare.com>; Alex Cardona <acardona@alierahealthcare.com>
**Cc:** Jessie Vickers <jvickers@alierahealthcare.com>; Tim Moses <tmoses@alierahealthcare.com>
**Subject:** Krishen Iyer

Look what I found on Krishen Iyer – I don't think its very likely that there are two Krishen Iyer's in Fresno, CA. He's got some bad stuff in his background. I'll keep digging to try to rule out the possibility that there are two people in Fresno with this name, but I would like you each to look at the information I uncovered with a 30 second Google search on him.

This is from February 2017.

https://www.justice.gov/usao-edca/pr/fresno-business-owner-pleads-guilty-money-laundering

https://www.leagle.com/decision/infdco20170424904

https://www.docketalarm.com/cases/California_State_Fresno_County_Superior_Court/15CECG03363/Alfred_Trujillo_vs_Krishen_Sauble_Iyer/03-16-16-Memorandum_of_Points_and_Authorities/1/

https://www.linkedin.com/in/krisheniyer/

-----------------------------------------

Reba Leonard
Director Compliance and Regulatory Affairs

*and affiliate companies*

404.618.0602 x1803 Direct
469.236.3268 Mobile
844.834.3456 Toll Free
rleonard@alierahealthcare.com

*Atlanta · Dallas · Chicago · Miami*
www.alierahealthcare.com

Aliera HealthCare, Inc.
15301 Dallas Parkway, Suite 920
Addison, TX 75001

CONFIDENTIALITY NOTICE: This e-mail (including attachments) may contain information that is confidential, proprietary or legally privileged. This information may be protected

under HIPAA, US copyright laws, or other applicable regulations. If you are not the intended recipient, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail or phone at 844-834-3456 and delete the message.

**Submitting private/personal information electronically:** Aliera Healthcare does not recommend transmitting private or personal information by email, fax or other electronic means. There is a risk that information sent by electronic means may be viewed or received by unauthorized persons. Member/Broker assumes all risks of unauthorized disclosure of any information transmitted by electronic means. Aliera may in its sole discretion accept or reject any information submitted electronically and/or require you to provide acceptable authentication of such information. Any signed document submitted by email, fax or other electronic means may be accepted as a signed original document in Aliera's discretion and shall be admissible as evidence of the document and the signer's execution. Upon receipt by Aliera, any confidential information will be treated and protected as confidential information in accordance with Aliera's privacy policies.