**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a Aliera Healthcare, Inc. *et al.*<br><br>Debtors. | **Case No. 21-11548 (TMH)**<br>Currently pending in the U.S. Bankruptcy Court for the District of Delaware |
| ALIERA LT, LLC AS LIQUIDTING TRUSTEE FOR THE ALIERA COMPANIES, INC. D/B/A ALIERA HEALTHCARE INC., ET. AL. and NEIL F. LURIA, IN HIS CAPACITY AS THE TRUSTEE OF THE SHARITY MINISTRIES, INC. LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>INSURANCE CONSULTANTS OF AMERICA, INC., I HEALTH AND LIFE INSURANCE SERVICES D/B/A LIFE AND HEALTH, and HEALTH AND LIFE ASSOCIATES, LLC,<br><br>Defendants. | **Adversary Proceeding No. 25-05098-jrs** |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants Insurance Consultants of America, Inc. ("ICA"), I Health and Life Insurance Services d/b/a I Life and Health Insurance Services ("I Health"), and Health and Life Associates, LLC ("HLA"; together with ICA and I Health, the "Defendants") by and through their undersigned counsel, submits this their *Answer and Affirmative Defenses to Complaint* in response to the *Complaint* [Docket No. 1] (the "Complaint") filed by Aliera LT, LLC, as Liquidating Trustee for the Aliera Companies, Inc. d/b/a Aliera Healthcare Inc. *et al.* and Neil Luria, in his capacity as the Trustee of the Sharity Ministries, Inc., Liquidating Trust (collectively, the "Plaintiffs") in the above-captioned adversary proceeding.

**ANSWER**

Defendants answer the individually numbered paragraphs of the Complaint as follows:

**INTRODUCTION**

1. Defendants admit that they received certain commission payments from The Aliera Companies, Inc. and its affiliates ("Aliera") that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. In further response to paragraph 1 of the Complaint, Defendants state that Aliera represented to them that the products that they were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny that they knew or should have known that the products that they were selling on behalf of Aliera were not HCSM plans. Defendants admit the allegations set forth in paragraph 1 of the Complaint that Plaintiffs are asserting claims against Defendants and that healthcare sharing ministries are not governed by the Affordable Care Act (the "ACA") but deny that Plaintiffs are entitled to any of the relief referenced therein, and deny the remaining allegations set forth in paragraph 1 of the Complaint.

2. Defendants admit that they received certain commission payments Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint.

3. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny that they received

unreasonably high commissions or that they had any involvement in how Aliera collected, administered, or allocated premiums. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

4. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in the first and second sentences of paragraph 5 of the Complaint. As for the third sentence of paragraph 5, Defendants admit that Plaintiffs bring this adversary proceeding to recover fees and commissions paid to Defendants but deny that Plaintiffs are entitled to any of the relief referenced therein, and deny the remaining allegations set forth in the third sentence of paragraph 5 of the Complaint.

**PARTIES, JURISDICTION, AND VENUE**

6. In response to paragraph 6 of the Complaint, Defendants state that the record of the Bankruptcy Cases speaks for itself, and Defendants deny any allegation set forth in paragraph 6 that is inconsistent therewith.

7. In response to paragraph 7 of the Complaint, Defendants state that the record of the Bankruptcy Cases and the Confirmation Order speaks for themselves, and Defendants deny any allegation set forth in paragraph 7 of the Complaint that is inconsistent therewith.

8. In response to paragraph 8 of the Complaint, Defendants state that the record of the Bankruptcy Cases and the Sharity plan speaks for themselves, and Defendants deny any allegation set forth in paragraph 8 of the Complaint that is inconsistent therewith.

9. ICA admits the allegations set forth in paragraph 9 of the Complaint. The other Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. I Health admits the allegations set forth in paragraph 10 of the Complaint. The other Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. HLA admits that it is a Maryland limited liability company, and its principal place of business is in Maryland. HLA also admits that that John Ripple is its registered agent. HLA denies the remaining allegations in paragraph 11 of the Complaint. The other Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. ICA admits that Jamies Reisinger is its owner. I Health admits that Raymond Guidici is its owner. HLA admits that John Ripple is its owner. Defendants deny the remaining allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit that from time to time they had a business relationship with at least one of the other Defendants, and that they sometimes communicated by email. Defendants also admit that they each had a business relationship with Aliera and that they sometimes communicated with Aliera by email. Defendants further admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or

facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint but deny that the Court may enter a final order with findings of fact and conclusions of law and state that they do not consent to entry of final orders or judgment by this Court at this time. Defendants deny any remaining allegations set forth in paragraph 14 of the Complaint. By way of further response, Defendants expressly reserve the right to file a motion to withdraw the reference.

15. Defendants admit the allegations set forth in paragraph 15 of the Complaint but deny that the Court may enter a final order with findings of fact and conclusions of law and state that they do not consent to entry of final orders or judgment by this Court at this time. Defendants deny any remaining allegations set forth in paragraph 15 of the Complaint. By way of further response, Defendants expressly reserve the right to file a motion to withdraw the reference.

16. Defendant admits that venue is proper in this Court. Defendants respectfully submit that the remaining allegations set forth in paragraph 16 of the Complaint call for a legal conclusion and do not require a response. To the extent that the remaining allegations set forth in paragraph 16 of the Complaint require a response, Defendants deny the remaining allegations set forth in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiffs assert that the referenced statutes, rules, and other appliable law are the bases for the relief requested in the Complaint but deny that Plaintiffs are entitled to any of the relief referenced therein, and deny any other allegations set forth in paragraph 17 of the Complaint.

18. Defendants respectfully submit that the allegations set forth in paragraph 18 of the Complaint do not require a response. To the extent that the allegations set forth in paragraph 18 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 18 of the Complaint.

**BACKGROUND**

**I. Introduction and Overview**

19. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny that they extracted cash from Aliera customers. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Defendants state that any regulations related to DPCMH plans speak for themselves, and Defendants deny any allegation set forth in paragraph 21 of the Complaint that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint.

22. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendants admit that they sold or facilitated the sale of Aliera products to customers pursuant to Defendants' arms-length agreements with Aliera. In further response to paragraph 25 of the Complaint, Defendants state that Aliera represented to them that the products that they were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny that they knew or should have known that the products that they were selling on behalf of Aliera were not HCSM plans. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Defendants state that the record of the Georgia Lawsuit speaks for itself, and Defendant deny any allegation set forth in paragraph 27 of the Complaint that is inconsistent therewith.

28. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Defendants state that the 2018 Agreement speaks for itself, and Defendants deny any allegation set forth in paragraph 33 of the

Complaint that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, Defendants state that the 2018 Agreement speaks for itself, and Defendants deny any allegation set forth in paragraph 33 of the Complaint that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of any allegations set forth in paragraph 33 of the Complaint.

34. Defendants state that the statute referred to in paragraph 34 of the Complaint speaks for itself. To the extent that the allegations set forth in paragraph 34 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 34 of the Complaint to the extent they are inconsistent with the referenced statute and deny that the Plaintiffs are entitled to any relief under that statute.

35. Defendants deny that they were in any way involved in the administration of claims made on Aliera products or that Defendants had any involvement in how Aliera collected, administered, or allocated premiums. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint.

## II. Aliera Designs, Markets, and Sells Health Care Plans that Function as Health Insurance and Draws Scrutiny from State Regulators.

36. Defendant admits that they were licensed insurance agents at the time they sold or facilitated the sale of Aliera products. Defendants deny that any commissions that they received form Aliera were “outsized.” Defendants lack knowledge or information at this time

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint.

37. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, Defendants state that Aliera represented to them that the products that they were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny that they knew or should have known that the products that they were selling on behalf of Aliera were not HCSM plans. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, Defendants state that Aliera represented to them that the products that they were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny that they knew or should have known that the products that they were selling on behalf of Aliera were not HCSM plans. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. In response to paragraph 39 of the Complaint, Defendants state that to the extent that Aliera customers contacted them regarding claims they referred them to Aliera. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Defendants state that to the extent that the document attached to the Complaint as Exhibit A is authentic, that document speaks for itself, and Defendants deny any allegation set forth in paragraph 33 of the Complaint that is inconsistent therewith. Defendants admit that from time to time it attended business meetings with Aliera representatives. Defendants deny the remaining allegations set forth in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Defendants state that to the extent that the documents attached to the Complaint as Exhibit B are authentic, those documents speak for themselves, and Defendants deny any allegation set forth in paragraph 44 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46. In response to paragraph 45 of the Complaint, Defendants state that: (i) ICA ceased selling or facilitating the sale of Aliera products in approximately December 2019, (ii) I Health ceased selling or facilitating the sale of Aliera products in July 2018, and (iii) HLA ceased selling or facilitating the sale of Aliera products in December 2019. Defendants deny the remaining allegations set forth in paragraph 46 of the Complaint.

### III. The Defendants Acted as Middlemen for Aliera, Participating in and Furthering the Fraudulent Scheme.

47. Defendants admit that they sold or facilitated the sale Aliera products pursuant to Defendants' arms-length agreements with Aliera. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint.

48. In response to paragraph 48 of the Complaint, Defendants state that the ICA Call Center Agreement speaks for itself, and Defendants deny any allegation set forth in paragraph 48 of the Complaint that is inconsistent therewith.

49. Defendants admit that from time to time they had a business relationship with at least one of the other Defendants. In further response to paragraph 49 of the Complaint, Defendants state that the ICA Call Center Agreement speaks for itself, and Defendants deny any allegation set forth in paragraph 49 of the Complaint that is inconsistent therewith. In further response to paragraph 49 of the Complaint, Defendants state that to the extent that the document attached to the Complaint as Exhibit D is authentic, that document speaks for itself, and Defendants deny any allegation set forth in paragraph 49 of the Complaint that is inconsistent therewith.

50. Defendants admit that from time to time they had a business relationship with at least one of the other Defendants. In further response to paragraph 50 of the Complaint, Defendants state that the I Life Call Center Agreement speaks for itself, and Defendants deny any allegation set forth in paragraph 50 of the Complaint that is inconsistent therewith.

51. In response to paragraph 51 of the Complaint, Defendants state that the HLA Call Center Agreement speaks for itself, and Defendants deny any allegation set forth in paragraph 51 of the Complaint that is inconsistent therewith.

52. Defendants admit that from time to time they had a business relationship with at least one of the other Defendants. In further response to paragraph 52 of the Complaint, Defendants state that to the extent that the document attached to the Complaint as Exhibit G is authentic, that document speaks for itself, and Defendants deny any allegation set forth in paragraph 53 of the Complaint that is inconsistent therewith.

53. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants also admit that in some circumstances, as is customary in the insurance business, they received override commissions based on sales of Aliera products made by other brokers. Defendants deny the remaining allegations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants admit that from time to time they attended business meetings with and/or reviewed material provided to them by Aliera representatives. In further response to paragraph 55 of the Complaint, Defendants state that Aliera represented to them that the products that they were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny that they knew or should have known that the products that they were selling on behalf of Aliera were not HCSM plans. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint.

56. Defendants admit that from time to time they attended business meetings with and/or reviewed material provided to them by Aliera representatives. In response to paragraph 56 of the Complaint, Defendants state that Aliera represented to them that the products that they

were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny that they knew or should have known that the products that they were selling on behalf of Aliera were not HCSM plans. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 56 of the Complaint.

57. In response to paragraph 57 of the Complaint, Defendants state that to the extent that Aliera's enrollment forms are authentic they speak for themselves, and Defendants deny any allegation set forth in paragraph 53 of the Complaint that is inconsistent therewith. In further response to paragraph 57 of the Complaint, Defendants state that to the extent that the document attached to the Complaint as Exhibit H is authentic, that document speaks for itself, and Defendants deny any allegation set forth in paragraph 57 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 57 of the Complaint.

58. In response to the first sentence in paragraph 58 of the Complaint, Defendants state that to the extent that Aliera's online form is authentic it speaks for itself, and Defendant denies any allegation set forth in paragraph 58 that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 58 of the Complaint.

59. In response to paragraph 59 of the Complaint, Defendants state that: (i) ICA ceased selling or facilitating the sale of Aliera products in approximately December 2019, (ii) I Health ceased selling or facilitating the sale of Aliera products in July 2018, and (iii) HLA ceased selling or facilitating the sale of Aliera products in December 2019. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length

agreements with Aliera. Defendants also admit, as is customary in the insurance industry, that they also received override commissions based on sales of Aliera products made by other brokers. In further response to paragraph 59 of the Complaint, Defendants state that to the extent that the document attached to the Complaint as Exhibit I is authentic, that document speaks for itself, and Defendants deny any allegation set forth in paragraph 59 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 59 of the Complaint.

60. In response to paragraph 60 of the Complaint, Defendants state that to the extent that the document attached to the Complaint as Exhibit J is authentic, that document speaks for itself, and Defendants deny any allegation set forth in paragraph 60 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 60 of the Complaint.

61. In response to paragraph 61 of the Complaint, Defendants state that they did not have a duty to disclose how Aliera allocated premiums or know how Aliera did so. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 61 of the Complaint.

62. In response to paragraph 62 of the Complaint, Defendants state that the ACA was inapplicable to the products that Defendants sold to Aliera customers. Defendants deny the remaining allegations set forth in paragraph 62 of the Complaint.

63. Defendant admits that their commissions were determined pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 63 of the Complaint.

64. Defendants respectfully submit that the allegations set forth in paragraph 64 of the Complaint call for legal conclusions, and do not require a response. To the extent that the

allegations set forth in paragraph 64 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, Defendants state that although Aliera may have engaged in certain unlawful conduct, Aliera was not a "Ponzi" scheme. Defendants respectfully submit that the allegations set forth in paragraph 65 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 65 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67. In response to paragraph 67 of the Complaint, Defendants state that to the extent that the documents attached to the Complaint as Exhibits K and L are authentic, those documents speak for themselves, and Defendants deny any allegation set forth in paragraph 77 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

## IV. Aliera Restructures Itself to Mask Its Control of Trinity but Maintains Control Over Trinity and Continues to Misrepresent Plans it Sold.

69. Defendants deny that Aliera paid Defendants "exorbitant fees." Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 69 of the Complaint.

70. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 70 of the Complaint.

71. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 71 of the Complaint.

72. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 72 of the Complaint.

73. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 73 of the Complaint.

74. In response to paragraph 74 of the Complaint, Defendants state that to the extent that the Subsidiary Agreements are authentic, those documents speak for themselves, and Defendants deny any allegation set forth in paragraph 74 of the Complaint that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 74 of the Complaint.

75. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 75 of the Complaint.

76. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 76 of the Complaint.

77. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 77 of the Complaint.

78. Defendants admit that their commissions were determined by pursuant to Defendants' arms-length agreements with Aliera. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 78 of the Complaint.

79. Defendants deny that they were "fully on board" or had any "role" with any scheme or that they knew or should have known of any misconduct by Aliera. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 79 of the Complaint.

80. In response to paragraph 80 of the Complaint, Defendants state that to the extent that the documents attached to the Complaint as Exhibits M and N are authentic, those documents speak for themselves, and Defendants deny any allegation set forth in paragraph 81 of the Complaint that is inconsistent therewith and deny that Kishen Iyer was an owner or officer of I Life. Defendants deny the remaining allegations set forth in paragraph 80 of the Complaint.

81. In response to paragraph 81 of the Complaint, Defendants state that to the extent that the I Life Call Producer Agreements are authentic, those documents speak for themselves, and Defendants deny any allegation set forth in paragraph 81 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 81 of the Complaint.

82. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 82 of the Complaint.

83. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 83 of the Complaint.

84. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 84 of the Complaint.

**V. Trinity was Created with the Knowledge that It Would Fail and the Defendant Reaped the Benefits of this Fraudulent Scheme.**

85. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 85 of the Complaint.

86. Defendants deny that they sold or facilitated the sale of Aliera products using "all means necessary." Defendants lack knowledge or information at this time sufficient to form

a belief as to the truth of the remaining allegations set forth set forth in paragraph 86 of the Complaint.

87. In response to paragraph 87 of the Complaint, Defendants state that to the extent that the documents attached to the Complaint as Exhibits P, Q, and R are authentic documents, those documents speak for themselves, and Defendants deny any allegation set forth in paragraph 81 of the Complaint that is inconsistent therewith. Defendants deny the remaining allegation set forth in paragraph 87 of the Complaint.

88. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 88 of the Complaint.

89. Defendants state that the statute referred to in paragraph 89 speaks for itself, and Defendants deny any allegation set forth in paragraph 89 of the Complaint that is inconsistent with the referenced statute and denies that the Plaintiffs are entitled to any relief under that statute. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny that they were part of a scheme to defraud Aliera customers. Defendants lack knowledge or information at this time

sufficient to form a belief as to the truth of the remaining allegations set forth set forth in paragraph 91 of the Complaint.

92. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 92 of the Complaint.

93. In response to paragraph 93 of the Complaint, Defendants state that although Aliera may have engaged in certain unlawful conduct, Aliera was not a "Ponzi" scheme. Defendants respectfully submit that the allegations set forth in paragraph 93 of the Complaint call for a legal conclusion and do not require a response. To the extent that the allegations set forth in paragraph 93 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth set forth in paragraph 94 of the Complaint.

95. In response to paragraph 95 of the Complaint, Defendant states that the record of the lawsuits referenced in paragraph 95 speaks for themselves, and Defendant denies any allegation set forth in paragraph 95 that is inconsistent therewith.

**VI. Aliera's Insolvency.**

96. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101. In response to paragraph 101 of the Complaint, Defendants state that the record of the action involving the Jackson class speaks for itself, and Defendants deny any allegation set forth in paragraph 101 that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 101 of the Complaint.

102. In response to paragraph 102 of the Complaint, Defendants state that the record of the action involving the Albina class speaks for itself, and Defendants deny any allegation set forth in paragraph 102 that is inconsistent therewith. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 102 of the Complaint.

103. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.

104. Defendants respectfully submit that the allegations set forth in paragraph 104 of the Complaint call for a legal conclusion and do not require a response. To the extent that the allegations set forth in paragraph 104 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 104 of the Complaint.

## VII. The Defendant' Fraudulent Commission Transfers.

105. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to

Defendants' arms-length agreements with Aliera and that percentages set forth therein speak for themselves, and Defendants deny any allegation set forth in paragraph 105 that is inconsistent therewith. Defendants deny the remaining allegations set forth in paragraph 105 of the Complaint.

106. I Health admits that it received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by I Health pursuant to I Health's arms-length agreements with Aliera. I Health denies the remaining allegations set forth in paragraph 106 of the Complaint. The other Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107. ICA admits that it received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by ICA pursuant to ICA's arms-length agreements with Aliera. ICA denies the remaining allegations set forth in paragraph 107 of the Complaint. The other Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108. HLA admits that it received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by HLA pursuant to HLA's arms-length agreements with Aliera. HLA denies the remaining allegations set forth in paragraph 108 of the Complaint. The other Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint.

109. Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Complaint.

111. Defendants lack knowledge or information at this time sufficient to form a belief as to whether Aliera was insolvent. Defendants deny the remaining allegations set forth in paragraph 111 of the Complaint.

**CLAIMS FOR RELIEF**

112. Defendants respectfully submit that the allegations set forth in paragraph 112 of the Complaint do not require a response. To the extent that the allegations set forth in paragraph 112 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113. Defendants respectfully submit that the allegations set forth in paragraph 113 of the Complaint call for a legal conclusion and do not require a response. To the extent that the allegations set forth in paragraph 113 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114. Defendants admit that they agreed to toll claims through at the latest May 31, 2025. Defendants deny the remaining allegations set forth in paragraph 114 of the Complaint.

**COUNT I:**
**VOIDABLE TRANSFERS AND OBLIGATIONS – CONSTRUCTIVE FRAUD**
(11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a))

115. Defendants incorporate and repeat their responses to paragraphs 1 through 114 above as though set forth fully herein.

116. Defendants admit that Plaintiffs bring this claim under the referenced statutes but deny that Plaintiffs are entitled to any of the relief referenced therein, and deny any other allegations set forth in paragraph 116 of the Complaint.

117. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118. Defendants state that the statute referred to in paragraph 118 speaks for itself, and Defendants deny any allegation set forth in paragraph 118 of the Complaint that is inconsistent with the referenced statute and deny that the Plaintiffs are entitled to any relief under that statute.

119. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 119 of the Complaint.

120. Defendants deny that Aliera did not receive reasonably equivalent in exchange for any commission payments made to Defendants. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 120 of the Complaint.

121. Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122. Defendants admit that within four (4) years of December 3, 2021, they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 122 of the Complaint.

123. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Complaint.

124. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Complaint.

**COUNT II:**
**VOIDABLE TRANSFERS AND OBLIGATIONS – ACTUAL FRAUD**
(11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(1))

125. Defendants incorporate and repeat their responses to paragraphs 1 through 124 above as though set forth fully herein.

126. Defendants admit that Plaintiffs bring this claim under the referenced statutes but deny that Plaintiffs are entitled to any of the relief referenced therein, and deny any other allegations set forth in paragraph 126 of the Complaint.

127. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 127 of the Complaint.

128. Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Complaint.

130. Defendants admit that within four (4) years of December 3, 2021, they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 130 of the Complaint.

131. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132. Defendants deny the allegations set forth in paragraph 132 of the Complaint.

133. Defendants deny the allegations set forth in paragraph 133 of the Complaint.

134. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Complaint.

135. Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Complaint.

**COUNT III:**
**VOIDABLE TRANSFERS AND OBLIGATIONS AS TO PRESENT AND FUTURE CREDITORS**
(11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(2))

137. Defendants incorporate and repeat their responses to paragraphs 1 through 136 above as though set forth fully herein.

138. Defendants admit that Plaintiffs bring this claim under the referenced statutes but denies that Plaintiffs are entitled to any of the relief referenced therein, and deny any other allegations set forth in paragraph 138 of the Complaint.

139. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera. Defendants deny the remaining allegations set forth in paragraph 139 of the Complaint.

140. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Complaint.

141. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Complaint.

142. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint.

143. Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint.

**COUNT IV:**
**RECOVERY OF TRANSFERS**
(11 U.S.C. § 550)

145. Defendants incorporate and repeat their responses to paragraphs 1 through 144 above as though set forth fully herein.

146. Defendants state that the statute referred to in paragraph 146 speaks for itself, and Defendants deny any allegation set forth in paragraph 146 of the Complaint that is inconsistent with the referenced statute and denies that the Plaintiffs are entitled to any relief under that statute.

147. Defendants deny the allegations set forth in paragraph 147 of the Complaint.

148. Defendants admit that Plaintiffs bring this claim under the referenced statutes but deny that Plaintiffs are entitled to any of the relief referenced therein, and deny any other allegations set forth in paragraph 148 of the Complaint.

149. Defendants deny the allegations set forth in paragraph 149 of the Complaint.

150. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera, and that Defendants benefitted from such payments. Defendants deny the remaining allegations set forth in paragraph 150 of the Complaint.

151. Defendants deny the allegations set forth in paragraph 151 of the Complaint.

**COUNT V:**
**PRESERVATION OF AVOICED TRANSFERS**
(11 U.S.C. § 551)

152. Defendants incorporate and repeat their responses to paragraphs 1 through 151 above as though set forth fully herein.

153. Defendants state that the statute referred to in paragraph 153 speaks for itself, and Defendants deny any allegation set forth in paragraph 153 of the Complaint that is inconsistent with the referenced statute and denies that the Plaintiffs are entitled to any relief under that statute.

154. Defendants deny the allegations set forth in paragraph 154 of the Complaint.

**COUNT VI:**
**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
(The Aliera Trustee Against the Defendants)

155. Defendants incorporate and repeat their responses to paragraphs 1 through 154 above as though set forth fully herein.

156. Defendants respectfully submit that the allegations set forth in paragraph 156 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 156 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 156 of the Complaint.

157. Defendants respectfully submit that the allegations set forth in paragraph 157 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 157 of the Complaint require a response, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Complaint.

158. Defendants respectfully submit that the allegations set forth in paragraph 158 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 158 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 158 of the Complaint.

159. Defendants deny the allegations set forth in paragraph 159 of the Complaint.

160. Defendants respectfully submit that the allegations set forth in paragraph 160 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 160 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 160 of the Complaint.

161. Defendants deny the allegations set forth in paragraph 161 of the Complaint.

162. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera, and that Defendants benefitted from such payments. Defendants deny the remaining allegations set forth in paragraph 162 of the Complaint.

163. Defendants respectfully submit that the allegations set forth in paragraph 163 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 163 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 163 of the Complaint.

164. Defendants respectfully submit that the allegations set forth in paragraph 164 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 164 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 164 of the Complaint.

165. Defendants respectfully submit that the allegations set forth in paragraph 165 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 165 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 165 of the Complaint.

**COUNT VII:**
**CIVIL CONSPIRACY**
(The Aliera Trustee Against the Defendants)

166. Defendants incorporate and repeat their responses to paragraphs 1 through 165 above as though set forth fully herein.

167. Defendants respectfully submit that the allegations set forth in paragraph 167 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 167 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 167 of the Complaint.

168. Defendants respectfully submit that the allegations set forth in paragraph 168 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 168 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 168 of the Complaint.

169. Defendants respectfully submit that the allegations set forth in paragraph 169 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 169 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 169 of the Complaint.

170. Defendants deny that they received unreasonably high commissions payments from Aliera. By ways of further response, Defendants respectfully submit that the allegations set forth in paragraph 170 of the Complaint call for legal conclusions and do not require a

response. To the extent that the allegations set forth in paragraph 170 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 170 of the Complaint.

171. Defendants respectfully submit that the allegations set forth in the first sentence of paragraph 171 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in the first sentence of paragraph 171 of the Complaint require a response, Defendants deny the allegations set forth in first sentence of paragraph 171 of the Complaint. Defendants admit that they had an arms' length business relationship with Aliera and communicated with Aleria. Defendants deny the remaining allegations set forth in the second sentence of paragraph 171 of the Complaint.

172. Defendants deny the allegations set forth in paragraph 172 of the Complaint.

173. Defendants respectfully submit that the allegations set forth in paragraph 173 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 173 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 173 of the Complaint.

174. Defendants deny the allegations set forth in paragraph 174 of the Complaint.

**COUNT VIII:**
**GEORGIA RICO**
(The Sharity Trustee Against the Defendants)

175. Defendants incorporate and repeat their responses to paragraphs 1 through 174 above as though set forth fully herein.

176. Defendants state that the statute referred to in paragraph 176 speaks for itself, and Defendants deny any allegation set forth in paragraph 176 of the Complaint that is inconsistent with the referenced statute and denies that the Plaintiffs are entitled to any relief under that statute.

177. Defendants respectfully submit that the allegations set forth in the first sentence of paragraph 177 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in the first sentence of paragraph 177 of the Complaint require a response, Defendants deny the allegations set forth in first sentence of paragraph 177 of the Complaint. Defendants deny the allegations set forth in the second sentence of paragraph 177 of the Complaint.

178. Defendants deny the allegations set forth in paragraph 178 of the Complaint.

179. Defendants deny the allegations set forth in paragraph 179 of the Complaint.

180. Defendants respectfully submit that the allegations set forth in the first sentence of paragraph 180 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in the first sentence of paragraph 180 of the Complaint require a response, Defendants deny the allegations set forth in first sentence of paragraph 180 of the Complaint. Defendants admit that they had arms' length business relationships with Aliera and communicated with Aleria. Defendants deny the remaining allegations set forth in the second sentence of paragraph 180 of the Complaint.

181. Defendants deny the allegations set forth in paragraph 181 of the Complaint.

182. Defendants respectfully submit that the allegations set forth in paragraph 182 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 182 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 182 of the Complaint.

183. Defendants respectfully submit that the allegations set forth in paragraph 183 of the Complaint call for legal conclusions and do not require a response. To the extent that the

allegations set forth in paragraph 183 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 183 of the Complaint.

184. Defendants state that the statute referred to in paragraph 184 speaks for itself, and Defendants deny any allegation set forth in paragraph 184 of the Complaint that is inconsistent with the referenced statute and denies that the Plaintiffs are entitled to any relief under that statute.

185. Defendants respectfully submit that the allegations set forth in paragraph 185 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 185 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 185 of the Complaint.

186. Defendants respectfully submit that the allegations set forth in paragraph 186 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 186 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 186 of the Complaint.

187. Defendants deny the allegations set forth in paragraph 187 of the Complaint.

188. Defendants deny the allegations set forth in paragraph 188 of the Complaint.

189. Defendants respectfully submit that the allegations set forth in paragraph 189 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 189 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 189 of the Complaint.

190. Defendants respectfully submit that the allegations set forth in paragraph 190 of the Complaint call for legal conclusions and do not require a response. To the extent that the

allegations set forth in paragraph 190 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 190 of the Complaint.

191. Defendants respectfully submit that the allegations set forth in paragraph 191 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 191 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 191 of the Complaint.

192. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera, and that Defendants benefitted from such payments. Defendants deny the remaining allegations set forth in paragraph 192 of the Complaint.

193. Defendants admit that they received certain commission payments from Aliera that were paid based upon sales of Aliera products made or facilitated by Defendants pursuant to Defendants' arms-length agreements with Aliera, and that Defendants benefitted from such payments. Defendants deny the remaining allegations set forth in paragraph 193 of the Complaint.

194. In response to paragraph 194 of the Complaint, Defendants state that Aliera represented to them that the products that they were selling on behalf of Aliera were HCSM plans and that the Internal Revenue Service recognized that those plans were HCSM plans. Defendants deny the remaining allegations set forth in paragraph 194 of the Complaint.

195. Defendants deny the allegations in the first sentence set forth in paragraph 195 of the Complaint. Defendants lack knowledge or information at this time sufficient to form a belief

as to the truth of the allegations set forth in the second sentence of paragraph 195 of the Complaint.

196. Defendants deny the allegations set forth in paragraph 196 of the Complaint.

197. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Complaint.

198. Defendants respectfully submit that the allegations set forth in paragraph 198 of the Complaint call for legal conclusions and do not require a response. To the extent that the allegations set forth in paragraph 198 of the Complaint require a response, Defendants deny the allegations set forth in paragraph 198 of the Complaint.

199. Defendants deny the allegations set forth in paragraph 199 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendants assert their Affirmative Defenses to the allegation in the Complaint as follows:

### **First Affirmative Defense**

The Plaintiffs have failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case of actual fraud under the applicable provisions of the Bankruptcy Code and Georgia state law, and by this failure has failed to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

To the extent that Defendants received any of the transfers identified in the Complaint, Defendants provided, and/or Aliera or Sharity (or any other Debtor) received, value and/or reasonably equivalent value in exchange for such transfers.

### **Third Affirmative Defense**

To the extent that Defendants received any of the transfers identified in the Complaint, Defendants took, and/or the Debtor received, value or equivalent value, and in good faith, and

therefore the transfers identified in the Complaint are not voidable and/or Defendants may retain any interest transferred to the extent of such value.

**Fourth Affirmative Defense**

To the extent that Defendants received any of the transfers identified in the Complaint and Defendants were not the initial transferees, Plaintiffs cannot recover from Defendants because Defendants took the transfers identified in the Complaint for value (the satisfaction of a debt) and in good faith.

**Fifth Affirmative Defense**

Plaintiffs' claims in Counts VI, VII, and VIII should be denied under the doctrine of *in pari delicto*.

**Sixth Affirmative Defense**

Plaintiffs' claims in in Counts VI, VII, and VIII should be denied because Defendants did not owe a duty to Aliera's customers, members, or creditors.

**Seventh Affirmative Defense**

Plaintiffs' claim in Count VI should be denied because Defendants did not act with intent or malice to injure Plaintiffs or any party claiming through Plaintiffs.

**Eighth Affirmative Defense**

Plaintiffs' claim in Count VI should be denied because Defendants did not have knowledge of any wrongful conduct by the alleged primary wrongdoers.

**Ninth Affirmative Defense**

Plaintiffs' claim in Count VIII should be denied because Defendant was not engaged in a pattern of racketeering activity.

**Tenth Affirmative Defense**

Plaintiffs' claim in Count VII should be denied because any agreement between Defendants and Aliera and its affiliates was lawful.

**Eleventh Affirmative Defense**

Plaintiffs' claims should be denied because the health share products for which Defendants received commissions based upon sales of Aliera products made or facilitated by Defendants were not and are not subject to regulation under the Affordable Care Act.

**Twelfth Affirmative Defense**

Plaintiffs cannot obtain a double-recovery in this proceeding of any transfers that are recovered or determined to be recoverable from any of the transferor's principals or insiders, or from any persons or entities other than Defendants.

**Thirteenth Affirmative Defense**

Any claim by Plaintiffs for recovery of the transfers identified in the Complaint fails to the extent that such claim is time-barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the reach-back period for avoidance and recovery of such transfers provided under the Bankruptcy Code or applicable Georgia law.

**Fourteenth Affirmative Defense**

Plaintiffs' claims should be denied to the extent that they are subject to the doctrine of recoupment.

**Fifteenth Affirmative Defense**

Plaintiffs' claims should be denied to the extent that they are subject to the doctrine of setoff.

**Sixteenth Affirmative Defense**

Defendants deny each and every allegation of the Complaint not expressly admitted or otherwise controverted or qualified, and further deny that Plaintiffs are entitled to any relief whatsoever from Defendants.

**Seventeenth Affirmative Defense**

Defendants reserve the right to assert any affirmative defense available under the Bankruptcy Code, O.C.G.A. § 18-2-70, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, Defendants respectfully request that the Court enter an order dismissing the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of Defendants and against the Plaintiffs with respect to all matters before this Court, and that Defendants each be granted such other and further relief as the Court deems just, equitable, and proper.

Dated: August 6, 2025

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin (Ga. Bar No. 460793)
Sean C. Kulka (Ga. Bar No. 648919)
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Fax: (404) 873-8121
darryl.laddin@agg.com
sean.kulka@agg.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** to be served, by depositing a copy of the same in the United States mail in a properly addressed envelope with sufficient postage affixed thereon, addressed to the parties named below:

John D. Elrod
Greenberg Traurig, LLP
3333 Piedmont Road NE
Suite 2500
Atlanta, Georgia 30305

Dated: August 6, 2025

Respectfully Submitted,

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin (Ga. Bar No. 460793)
Sean C. Kulka (Ga. Bar No. 648919)
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Fax: (404) 873-8121
darryl.laddin@agg.com
sean.kulka@agg.com

*Attorneys for Defendants*